Filed 8/11/22 In re A.E. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re A.E., a Person Coming Under the Juvenile Court Law. | B316626 (Los Angeles County Super. Ct. No. 19CCJP05794) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SARA S. et al.,<br><br>    Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kristen Byrdsong, Judge Pro Tempore. Conditionally affirmed and remanded with directions.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant Sara S.

Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Defendant and Appellant Michael E.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

In these dependency proceedings Sara S. (mother) and Michael E. (father) appeal from a juvenile court order terminating their parental rights over A.E., their eight-year-old son, contending the court erred in finding the lack of a complete inquiry under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) to be nonprejudicial. We agree, and thus reverse with directions to order a further ICWA inquiry.

## BACKGROUND

We will limit the presentation of facts to those pertinent to the only disputed issue on appeal: Whether the failure of the Department of Children and Family Services (DCFS) to make inquiries under ICWA requires reversal.

In a prior dependency case in 2014, mother and father both submitted a signed ICWA 020 form in which they indicated they had no American Indian ancestry. The juvenile court found there was no reason to suspect A.E. was an Indian child as defined by ICWA, and therefore found the child did not fall within the provisions of ICWA. The court ordered the parents to keep the department, their attorney and the court aware of any new information relating to possible ICWA status.

2

On September 4, 2019, a tow-truck driver called in a referral to DCFS alleging mother was intoxicated in a vehicle with A.E. seated inside.

DCFS communicated with the maternal grandmother and the maternal grandfather, and was given the name of mother's half brother, but made no inquiry about A.E.'s possible Indian ancestry.

DCFS filed a petition under Welfare and Institutions Code section 300, subdivision (b), on behalf of then- five-year-old A.E. based on the parents' history of substance abuse, their current abuse of alcohol, mother being under the influence of alcohol while the child was in her care and supervision, and the parents' failure to protect the child from each other's substance abuse.[1] The attached ICWA-010(A) form had a checked box next to "not made" as to Indian child inquiry.

Father and mother filed ICWA-020 forms in which they indicated, under penalty of perjury, "I have no Indian ancestry as far as I know."

The maternal grandfather, a maternal uncle, and the paternal grandmother attended the detention hearing. The court asked the maternal grandfather, "Do you have any reason to believe that mother has any Native American Indian ancestry?" He responded, "Not that I'm aware of." The court found based on this response and the parental notification of Indian status forms that there was "no reason to believe that ICWA applies to this case." The minute order reflects that the court made no order for notice to any tribe or the Bureau of Indian Affairs.

---

[1] Undesignated statutory references will be to the Welfare and Institutions Code.

A combined jurisdiction/disposition report reflected that father wanted his brother to be approved as a monitor. The record is silent on whether DCFS asked the brother whether he had any American Indian ancestry.

A Multi-Disciplinary Assessment Team (MAT) report stated that A.E.'s ethnicity was "White," his assessor observing that the child presented with "a pale peach tone complexion, honey blond, straight and neatly trimmed hair with piercing round grey eyes and long lashes." Additionally, the parents' arrest records indicated that father's race was White, and he had blue eyes and brown hair, and mother's race was also White, and her hair was brown and eyes were blue.

Mother pled no contest to the petition, and the court sustained the petition, ordered that A.E. be suitably placed, and ordered that the paternal grandmother be considered for further placement.

At the 12-month review hearing, the court terminated family reunification services for the parents and ordered A.E. placed with the paternal grandmother in Arizona.

At the permanency hearing, the court found A.E. was adoptable, deemed the paternal grandmother to be the child's prospective adoptive parent, and terminated parental rights.

The record is silent on whether anyone ever inquired of the maternal or paternal grandmothers or the maternal or paternal uncles whether they had Indian heritage.

The parents timely appealed.

### DISCUSSION

Mother and father contend the juvenile court erred in terminating their parental rights because no evidence in the record indicates DCFS asked the maternal or paternal

4

grandmother or maternal or paternal uncle about A.E.'s possible Indian child status, in derogation of state law (§ 224.2) implementing ICWA and contrary to the requirement that the department make and document such inquiries and any responses. (See Cal. Rules of Court, rule 5.481(a)(5) [burden on child welfare agency to provide detailed requirements of the ICWA have been satisfied is appropriate]; *In re A.M.* (2020) 47 Cal.App.5th 303, 314.) Therefore, the parents argue, the juvenile court lacked the power to terminate their parental rights.

Respondent essentially concedes that section 224.2 was not followed but argues any error was harmless because the parents denied any Native American ancestry.

For reasons stated in our recent opinion in *In re A.C.* (2022) 75 Cal.App.5th 1009, we disagree that the error was harmless. The record reveals readily obtainable information that was likely to bear meaningfully on whether A.E. is an Indian child. Both grandmothers and both uncles may have information about A.E.'s cultural heritage, but none of them was asked. "We thus cannot assume that the parents' mere denial of Indian ancestry on a form was sufficient to dispel prejudice from DCFS's failure to ask A.[E].'s extended family members about potential Indian ancestry." (*Id.* at p. 1017.)

We will therefore remand the matter for a further ICWA inquiry.

## DISPOSITION

The order terminating parental rights is conditionally affirmed. We remand to the juvenile court for DCFS and the court to comply with the inquiry and notice provisions of ICWA and California law consistent with this opinion. If the court finds the minor is an Indian child, it shall conduct further proceedings

5

in compliance with ICWA and related California law.  If not, the court's original order terminating parental rights will remain in effect.

NOT TO BE PUBLISHED


                                              CHANEY, J.

We concur:



        ROTHSCHILD, P. J.



        KELLEY, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.